EXHIBIT "1"

## NEGOTIATED SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement"), is effective as of the 16th day of February, 2017 by and between Dowlat Rampersaud (hereinafter "Employee" and/or "Plaintiff") and 940 Corp., 2855 MGMT, LLC, Michael Goldberg, and Jennary Dufresne (collectively, "Defendants"). Defendants and Plaintiff may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

### WITNESSETH:

**WHEREAS**, Plaintiff claims he previously worked for and is employed by Defendants;

**WHEREAS**, a dispute arose between Plaintiff and Defendants regarding whether Plaintiff was entitled to additional compensation for his alleged employment;

**WHEREAS**, Plaintiff claims he is owed monies relating to unpaid or underpaid wages;

**WHEREAS**, on or about May 16, 2016, Plaintiff initiated a lawsuit against Employer in the United States District Court for the Southern District of New York, such case being styled *Rampersaud v. 940 Corp., et al.,* Civil Action Number 16-cv-03636 (the "Lawsuit"); and,

**WHEREAS**, Plaintiff and the Defendants wish to compromise and settle their respective claims against the other relating to the Lawsuit.

**NOW THEREFORE**, in consideration of this Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff and Defendants hereby agree as follows:

### I. Payment and Consideration:

A. *Amount*: In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, 940 Corp. agrees to cause Plaintiff to be issued the following payments, totaling $115,000.00:

B. *Delivery*. Payment may be made by any of the following means:

> Checks, cashier's checks or money orders sent to Plaintiff's counsel at the following address:
> Devon M. Wilt
> Attorney at Law
> 160 Broadway -4th Floor
> New York, NY 10038

C. *Timing:*

1. The payments described above shall be received according to the below schedule:

    a. Within two (2) weeks of approval by the Court of this Agreement and an Order from the Court directing that the Lawsuit be dismissed with prejudice, 940 Corp. shall remit to Plaintiff's counsel two checks:

> (i) one check made payable to Dowlat Rampersaud in the amount of $100,000.00 less applicable taxes; and
>
> (ii) one check made payable to Devon M. Wilt, Esq., in the amount of $15,000.00.

**D.** *Nonpayment/Late fees.* In the event that Plaintiff complies with his obligations under this agreement and 940 Corp. fails to remit payments as described within, Plaintiff will provide written notice to 940 Corp. via certified mail, return receipt requested, upon its counsel identified below. Should 940 Corp. fail to cure its failure(s) within twenty (20) business days of the notice, all amounts due and owing will increase by 10%, including but not limited to those for attorneys' fees and costs.

## II. Additional Consideration by The Parties:

A. *No Retaliation.* Defendants agree not to engage in any activities against Plaintiff which are in retaliation for his participation in the Lawsuit, to the extent required by the FLSA and/or NYLL.

B. *Mutual Nondisparagement.* Plaintiff agrees he will not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or oral, that could be construed as negative or defamatory concerning the Defendants, or any of their respective employees, shareholders, or board members. Nothing herein shall prevent Plaintiff from making truthful statements relating to Plaintiff's employment, the litigation, and its resolution. Similarly, Defendants agree that they will not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or oral, that could be construed as negative or defamatory concerning Plaintiff.

## III. Dismissal of Action:

A. Upon full execution of this Agreement, or within three (3) business days thereof, the parties agree that Plaintiff's counsel will cause to be filed with the Court a Motion to Approve Settlement and proposed Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, and/or any other documents needed to obtain settlement approval and dismissal of the Lawsuit with prejudice.

B. Should the Court not approve the settlement, the parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on January 17, 2017.

C. Plaintiff agrees to the dismissal of the Lawsuit with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

## IV. General Release:

Parties agree that the following provisions IIIA-IIIC the General Release shall not apply to Plaintiff's pending action in the Supreme Court of the State of New York, Bronx County, Index #23314.2016E.

    A. For and in return for the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiff knowingly and voluntarily releases and forever discharges Defendants including any of its/their current and former employees, members, shareholders, board members, mortgagors, insurers, and counsel (collectively "Released Parties"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which Plaintiff ever had or now has against the Released Parties, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with or which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with:

        1. the Lawsuit;

        2. employment of and/or termination of employment between Plaintiff and Defendants;

        3. unlawful acts of any kind arising under or in reliance upon any statute (federal, state or local);

        4. deprivation of civil rights, unlawful acts of any kind, or discrimination under state, local or federal law or otherwise including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, Civil Rights Act of 1991; and Americans with Disabilities Act;

        5. interference with or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and/or breach of contract of any kind;

        6. retaliatory or wrongful discharge, breach of policy and/or public policy, bad faith discharge, negligence, negligent hiring and retention, negligent discharge, intentional and negligent infliction of emotional or mental distress, invasion of privacy, deceit, interference with advantageous relations, outrageous conduct, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

        7. interference with business relationships, contractual relationships or employment relationships of any kind;

    8. loss of consortium;

    9. attorneys' fees, expenses or costs pursuant to any statute, contract or common-law claim;

    10. any and all other claims arising under law or equity; and

    11. any and all other claims asserted, or which could have been asserted by the Plaintiff in any other charge or claim, and alleged violation of any applicable law, rule, ordinance, regulation or order.

B. This General Release is executed with the full knowledge and understanding on the part of Plaintiff that there may be more serious consequences, damages or injuries, which are not now known, and that any benefits conferred herein to Plaintiff in consideration of this General Release are accepted as final. Plaintiff further agrees and represents that it is within Plaintiff's contemplation that Plaintiff may have claims against the Released Parties of which, at the time of the execution of this General Release, Plaintiff has no knowledge or suspicion, but Plaintiff agrees and represents, without affecting the generality of the foregoing paragraphs, that this General Release extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed or suspected by Plaintiff.

C. Conversely, Defendants, on behalf of themselves as well as their predecessors and successors, hereby irrevocably and unconditionally release and forever discharge Plaintiff, his predecessors, successors, heirs, officers, agents, employees, directors, shareholders, assigns, administrators, affiliates, servants, legal representatives and attorneys, from any and all obligations, claims, demands, actions or causes of action, known or unknown, including those related to his former employment, regardless of whether such were raised in the Lawsuit, from the beginning of time to the date of their execution of this Agreement.

## V. **Affirmations:**

Parties agree that the following provisions IVA-IVB the Affirmations shall not apply to Plaintiff's pending action in the Supreme Court of the State of New York, Bronx County, Index #23314.2016E.

B. Plaintiff affirms that he neither filed nor caused to be filed, and presently is not a party to any claim or complaint against Defendants in any forum, and that he has not assigned to any person or entity any rights to bring a claim or complaint against Defendants or against any of the Released Parties;

C. To the extent permitted by law, Plaintiff shall not institute, be represented in, participate in or permit to be submitted or filed in Plaintiff's behalf any claim whatsoever existing as of the date of his execution of this Agreement, whether in an individual, class, collective or other action, before any administrative agency, court, or other forum, nor shall Plaintiff accept any relief or recovery from or against the Released Parties, other than to obtain the consideration promised herein.

## VI. Miscellaneous:

A. ***Governing Law & Jurisdiction.*** The parties agree that the Court presiding over the Lawsuit will retain jurisdiction over this matter and the enforcement of this agreement.

B. ***Effective Date.*** This Agreement shall be effective and enforceable upon the date stated in the first (1st) paragraph of this Agreement. If no date is set forth within the first (1st) paragraph, then the effective date shall be on the date of the Plaintiff's execution of this Agreement. The parties acknowledge that upon execution of this Agreement by Plaintiff and Defendants, it will be binding upon the Plaintiff and Defendants and is irrevocable. Defendants further acknowledge that this provision does not abrogate their duty to cause payment to be issued Plaintiff pursuant to the provisions regarding consideration above.

C. ***Entire Agreement.*** This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

D. ***Severability.*** Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the court may interpret or modify such portion to be enforceable, or if not possible the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

E. ***No Admission of Liability.*** It is understood and agreed that this Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of liability by anyone. The Parties simply enter into this Agreement to buy their peace. Plaintiff understands and agrees that Defendants have asserted defenses to the claims alleged in the Lawsuit. Plaintiff hereby agrees and acknowledges that this Negotiated Settlement Agreement is a "no fault" settlement in light of disputed claims, and that nothing contained herein (or in the attachments to this document) shall constitute or be treated as an admission of any liability or wrongdoing by Defendants. Plaintiff further understands and agrees that he would not be entitled to receive the monies specified in Paragraph "2" above, except for his execution of this Negotiated Settlement Agreement, his authorization to have his attorneys execute the Stipulation And Order Of Dismissal With Prejudice attached hereto, and his fulfillment of all the promises contained herein.

F. ***Taxes.*** Plaintiff agrees to be responsible for taxes, if any, associated with payments made under sections 1(A)(1) which are required by law to be paid with respect to this settlement. Defendants agree to be responsible for withholding taxes, if any, associated with the payment made under section 1(A)(2).

G. ***Knowing And Voluntary Waiver And Release***: The Parties hereto acknowledge that they are entering into this Agreement freely and voluntarily; that all Parties have read each page of this Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

H. ***Representations***. As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Agreement; (b) they have full and complete authority to execute this Agreement; (c) each person executing this Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

I. ***Modification***. This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

J. ***Interpretation***. Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

K. ***Additional Documents and Responsibilities***. The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Agreement; provided, however, that no such instruments or documents shall vary the terms of this Agreement, especially impose any additional costs, expenses, or obligations on any party.

L. ***Binding Agreement***. This Agreement shall inure to the benefit of and be binding on each Party's successors, assigns, heirs, administrators, representatives, and trustees.

M. ***Counterparts and Facsimile Signatures***. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by fax or pdf attachments to emails.

N. ***Headings***. Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

O. ***Defined Terms***. Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use

occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

P. ***Pronouns***. Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

Q. ***Notices***. Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| Party | Address | Copy to: |
|---|---|---|
| Defendants | 940 Corp.<br>5600A Broadway<br>Bronx, NY 10463 | Matthew Persanis, Esq.<br>Elefante & Persanis, LLP<br>141 Hillside Place<br>Eastchester, New York 10709 |
| | 2855 MGMT LLC<br>5600A Broadway<br>Bronx, NY 10463 | Matthew Persanis, Esq.<br>Elefante & Persanis, LLP<br>141 Hillside Place<br>Eastchester, New York 10709 |
| | Michael Goldberg<br>5600A Broadway<br>Bronx, NY 10463 | Matthew Persanis, Esq.<br>Elefante & Persanis, LLP<br>141 Hillside Place<br>Eastchester, New York 10709 |
| | Jennary Dufresne<br>5600A Broadway<br>Bronx, NY 10463 | Matthew Persanis, Esq.<br>Elefante & Persanis, LLP<br>141 Hillside Place<br>Eastchester, New York 10709 |
| Plaintiff | Dowlat Rampersaud<br>1057 Manor Avenue<br>Apt #1F<br>Bronx, New York 10472 | Devon M. Wilt, Esq.<br>Attorney at Law<br>160 Broadway – 4th Floor<br>New York, NY 10038 |

R. ***Time is of Essence.*** TIME IS OF THE ESSENCE WITH THIS AGREEMENT.

IN AGREEMENT HERETO, Plaintiff and Defendants and/or their authorized representatives below set their hand and seal.

PLAINTIFF:

__DOWLAT RAMPERSAUD__     __3/20/17__
Dowlat Rampersaud                     Date

FOR DEFENDANT 940 CORP:

_____     __3/6/17__
Michael Goldberg, President     Date

FOR DEFENDANT 2855 MGMT LLC

_____     __3/6/17__
Michael Goldberg, President     Date

DEFENDANT MICHAEL GOLDBERG:

_____     __3/6/17__
Michael Goldberg              Date

DEFENDANT JENNARY DUFRESNE:

_____     __3/10/17__
Jennary Dufresne              Date